

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

### 13-60241-CR-ROSENBAUM/VALLE

18 U.S.C. § 1343
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

v.

JENNY COPLAN,

        Defendant.
_____/

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1.  Defendant **JENNY COPLAN** was the president of Immigration General Services, LLC, ("IGS") a corporation registered with the State of Florida.

2.  **JENNY COPLAN** maintained bank accounts for IGS at Bank of America and JP Morgan Chase.

### COUNTS 1-3
### Wire Fraud
### (18 U.S.C. § 1343)

1.  Paragraphs 1 and 2 of the General Allegations section of this Indictment are realleged and incorporated herein.

2.  From in or around 2009, through in or around October 2011, the exact dates being unknown to the Grand Jury, in Broward County, in the Southern District of Florida, and

elsewhere, the defendant,

**JENNY COPLAN,**

did knowingly, and with intent to defraud, devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and, for the purpose of executing such scheme and artifice to defraud, did knowingly transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs, signals, pictures and sounds.

## PURPOSE OF THE SCHEME AND ARTIFICE

3.     The purpose of the scheme and artifice was for the defendant to unjustly enrich herself by causing individuals to invest money in a scheme based on materially false misrepresentations and, instead of investing the money as promised, the defendant used that money to pay off earlier investors and for her personal use and benefit.

## SCHEME AND ARTIFICE

The manner and means by which the defendant sought to accomplish the purpose of the scheme and artifice included, among others, the following.

4.     **JENNY COPLAN** solicited investors by, among other things, making telephone calls and meeting investors in person. **COPLAN** promised investors that their money would be used in connection with investments in federal bail bonds and immigration bonds. **COPLAN** promised investors interest rates exceeding sixty percent a year on their investments.

5.     To induce investors to invest money with IGS, **JENNY COPLAN** made, and caused others to make, numerous materially false oral statements to investors, including, among

2

others, the following:

- **COPLAN** promised investors that the investments in bail bonds and immigration bonds were insured by the Federal Deposit Insurance Company;

- **COPLAN** promised investors that the investments were very secure and had little risk;

- **COPLAN** assured investors that she had years of experience investing in these bonds; and

- **COPLAN** told investors that she had the necessary licenses to invest in these bonds.

6. To induce investors to invest money with IGS and to keep their investment with IGS, **JENNY COPLAN** made, and caused others to make, numerous materially false written statements to investors, including, among others, the following:

- **COPLAN** provided investors fraudulent and fictitious financial statements of the bond corporation in which investors were purportedly investing; and

- **COPLAN** provided investors fictitious and fraudulent e-mails purportedly from the bond corporation in which investors were supposedly investing.

7. Induced by **JENNY COPLAN's** misrepresentations, investors invested approximately $4 million with **COPLAN** by wiring money, writing checks or providing cash to **COPLAN**.

8. Rather than investing the money as promised or using the money for the investments in the bonds, **JENNY COPLAN** used the monies from new investors to pay interest to old investors and also used the money for her personal use and benefit.

## USE OF THE WIRES

9. On or about the dates specified as to each count below, the defendant, for the purpose of executing and in furtherance of the aforesaid scheme and artifice to defraud and to

3

obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing they were false and fraudulent when made, did knowingly cause to be transmitted in interstate commerce, by means of wire communication, certain writings, signs, signals, pictures, and sounds, that is, wire transfers from investors, as described below:

| COUNT | APPROXIMATE DATE | WIRE TRANSMISSION |
|---|---|---|
| 1 | November 26, 2010 | Wire transfer of $9,985 from B.G.'s Canadian Imperial Bank of Commerce account in Toronto, Canada to the defendant's Bank of America account in Lauderhill, Florida |
| 2 | December 22, 2010 | Wire transfer of $41,000 from M.F.'s Citibank account in Bogota, Colombia to the defendant's Bank of America account in Lauderhill, Florida |
| 3 | May 27, 2011 | Wire transfer of $60,000 from A.V.'s Bancfirst account in Spring, Texas to the defendant's JP Morgan Chase account in Lauderhill, Florida |

In violation of Title 18, United States Code, Section 1343.

## FORFEITURE
## (18 U.S.C. § 981(a)(1)(C))

1. The allegations of Counts 1 through 3 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendant, **JENNY COPLAN**, has an interest.

2. Upon conviction of the offenses charged in Counts 1 through 3 of this Indictment, the defendant, **JENNY COPLAN**, shall forfeit to the United States any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of such violation.

4

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), and the procedures set forth at Title 21, United States Code, Section 853 as made applicable through Title 28, United States Code, Section 2461.

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
MICHAEL N. BERGER
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

JENNY COPLAN,

          **Defendant.**
_____/

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

___ Miami   ___ Key West
_X_ FTL   ___ WPB   ___ FTP

New Defendant(s)   Yes ___   No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No) _No_
   List language and/or dialect _____

4. This case will take _6-10_ days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)
   I   0 to 5 days   ___
   II   6 to 10 days   _X_
   III   11 to 20 days   ___
   IV   21 to 60 days   ___
   V   61 days and over   ___

   (Check only one)
   Petty   ___
   Minor   ___
   Misdem.   ___
   Felony   _X_

6. Has this case been previously filed in this District Court? (Yes or No) _No_
   If yes:
   Judge: _____ Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) _No_
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) _No_

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ___ Yes _X_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ___ Yes _X_ No

                                                  _/s/ Michael N. Berger_
                                                  Michael N. Berger
                                                  ASSISTANT UNITED STATES ATTORNEY
                                                  Court No.: A5501557

*Penalty Sheet(s) attached                                                                                       REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: JENNY COPLAN

**Case No**: _____

Counts #: 1-3

Wire Fraud

Title 18, United States Code, Section 1343

* **Max.Penalty:** Twenty (20) Years' Imprisonment

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.